## LOCKETT v. TUCKER *et al.*

No. 6542.    Opinion Filed March 21, 1916.

(156 Pac. 323.)

**ABATEMENT AND REVIVAL—Disposition of Cause—Death of Party —Dismissal.** The death of the defendant, pending an appeal to this court, in an action to recover damages for libel, abates the action, and it cannot be revived, and the appeal will be dismissed.

(Syllabus by Collier, C.)

*Error from District Court, Stephens County;*
*J. T. Johnson, Judge.*

Action by H. B. Lockett against P. W. Tucker and others. Judgment for defendants, and plaintiff brings error. Appeal dismissed.

*H. B. Lockett,* for plaintiff in error.

*J. M. Sandlin* and *J. B. Wilkinson,* for defendants in error.

Opinion by COLLIER, C.   This is an action brought by the plaintiff in error against the defendants in error, to recover damages for an alleged libelous publication in the American, a newspaper of general circulation in the town of Comanche and other parts of Oklahoma, as follows, to wit:

"It would seem laughable, were it no campaign year, to see H. B. Lockett get his arms around a bunch of common nesters and usher them into his 35 horse power auto and watch him place one arm around their necks and the other on the steering geer and whirl them over town at a 2:40 clip, in an effort to make them forget the past and vote for him for county judge.   It will be remembered, however, that on a former occasion at a depositors meeting the judge placed his two soft arms around many hillbillies' necks, while Cap't. Brown deliberately made away with their bank roll.   It may be suspected by some nesters that they can now hear the jingle of their own money sounding through the cylinders of the judge's car, yet after all that, it is not believed that they will succle the judge again by giving him the county judge's office as a reward for the services rendered his client (the Capt'n.) in instructing him how to get away with the loot."

Hereafter the parties will be designated as they were in the trial court.   Each of the defendants, except P. W. Tucker,   answered   denying   that   he   had   any   interest of any kind in the American or was in any way connected with the publication complained of.   P. W. Tucker answered, admitted the publication in the American, averring ownership of the paper, and alleged that all the matters and things contained in said article were, at the time

of said publication and for a long time prior thereto, currently reported and believed throughout Stephens county, Okla., and especially in the town of Comanche, Okla., and were so communicated to this defendant, and were published by him as a matter of public news; that the defendant verily believed the same to be true. The evidence in the case shows conclusively that none of the defendants, other than defendant P. W. Tucker, were in any wise interested in the American or in any wise instigated or were connected with the publication of said averred libel. The case was tried to a jury, and a verdict rendered in favor of defendants, to which the plaintiff duly excepted, made timely motion for new trial, which was overruled, exceptions saved, and this appeal perfected.

Since this appeal was filed in this court proof has been filed, showing that the said P. W. Tucker departed this life on the 17th day of November, 1915.

The evidence in the case fails to show that any one of the defendants, other than Tucker, was in any wise responsible or liable for the publication complained of, and in his brief plaintiff fails to combat the fact of nonliability of the defendants, except Tucker and insists that judgment should have been rendered as against the defendant Tucker. Section 5280, Rev. Laws 1910, reads:

"No action pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

As it clearly appears that the only defendant liable for the publication, if the same was libelous, was the said Tucker, and the death of said Tucker abates the action,

therefore any question involved in said appeal is moot, and this court has, many times, held that such question will not be reviewed.

The appeal should be dismissed.

By the Court: It is so ordered.